```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
                                                    )
                                                    ) JURY TRIAL
    ESSICA BARNABAS                                 )
    9604 Contrell Terrace                           )
    Silver Spring, MD    20903                      )
                                                    )
              Plaintiff                             )
                                                    )Civ.No.------
              v.                                    )
                                                    )
    UNIVERSITY OF THE DISTRICT OF COLUMBIA          )
    4200 Connecticut Avenue, NW                     )
    Washington, D.C.    20008                       )
                                                    )
              Defendant                             )
    -----------------------------------------------
```

**COMPLAINT FOR RELIEF FROM AGE DISCRIMINATON
IN EMPLOYMENT AND RETALIATION FOR OPPOSING SAME**

1.   This action seeks relief from the refusal of Defendant University of the District of Columbia (the University) to hire plaintiff Essica Barnabas for regular full time employment as a Professor at such University in July 2006, and from the actions of Defendant in reducing the hours and compensation of plaintiff Barnabas as an Adjunct Professor in retaliation for complaining at the Equal Employment Opportunity Commission regarding its continuing refusal to hire her as a regular full time professor, all in violation of the Age Discrimination in Employment Act (ADEA, 29 U.S.C. §621 <u>et seq</u>.   Plaintiff Barnabas seeks the entry of injunctive relief to prevent the University from engaging in such unlawful age discrimination in the future, and to correct insofar

1

as possible, for the harm caused to her; and she seeks compensation for loss of earnings and other monetary relief including liquidated damages for the harm caused to her by these unlawful practices.

2. This Court has jurisdiction over this ADEA claim under 29 U.S.C. §626 c. Venue lies in this Court because all of the actions complained of occurred in the District of Columbia.

3. Plaintiff Essica Barnabas was born on October 10, 1935, and is now 72 years old. She possesses a Doctor of Philosophy degree in Zoology, awarded June 1970 by Howard University. She served as an Assistant Professor and as an Associate Professor on a regular full-time basis for the University of the District of Columbia from 1974 until a mass reduction in force in 1997. Since 1997 Barnabas has been employed by the University as an adjunct professor on a semester-to-semester basis. As an adjunct professor she has carried a full-time teaching course load, but has received substantially lower compensation than regular full time faculty and has received no benefits. During her service as a regular full time professor and as an adjunct professor she has been in the University's Department of Biological and Environmental Sciences, and its predecessor departments, and has taught a wide variety of subjects in this Department and its predecessor departments. Barnabas is an employee within the meaning of ADEA Section 631(f) and is an individual at least 40 years of age within the meaning of ADEA Section 631(a).

4. Defendant University is an urban land grant university with open admissions for residents of the District of Columbia. Its primary mission is to provide post-secondary instruction to District of Columbia residents at the certificate, associates, baccalaureate and graduate levels. The University's School of Engineering and Applied Sciences includes a Department of Biological and Environmental Sciences. The University is an employer within the meaning of ADEA Section 631(b).

5. Following Barnabas' 1997 removal in a mass reduction in force, Barnabas has repeatedly requested and applied to the University's Department of Biological and Environmental Sciences to reinstate her to a regular full time Professorial position.

6. Despite such requests and corresponding applications for vacancies, the University has failed and refused to reinstate Barnabas to a regular full time Professorial position, and has repeatedly filled vacancies with younger applicants with lesser teaching experience.

7. The most recent example of such action by the University occurred in July 2006. Barnabas applied for a posted professorial vacancy in the Department of Biological and Environmental Science in or about February 2006. Barnabas was not given any interview by the University pursuant to such application, and received no follow up inquiries regarding her qualifications and experience. In or

3

about July 2006 the position was awarded to a younger applicant with lesser teaching experience.

8. The selected younger applicant was subsequently scheduled for less than full time instructional duties, while receiving full time pay and benefits.

9. Barnabas filed charges with the Equal Employment Opportunity Commission on or about January 27, 2006 regarding the University's continuing failure and refusal to hire her as a regular full time faculty member.

10. In or about September 2006 the University reduced Barnabas' course load as an adjunct professor by half, which also reduced her already small compensation by half.

11. Barnabas filed amended charges with the Equal Opportunity Commission on or about November 3, 2006 over the University's failure and refusal to hire her as a regular full time professor in July 2006 and over the University's reduction in her course assignments and compensation in September 2006.

12. In or about January, 2007, the University failed and refused to schedule Barnabas to teach any courses for the Spring Semester as an adjunct professor. In or about June 2007 the University failed and refused to schedule Barnabas to teach any courses for

the Summer Session as an adjunct professor.

**COUNT ONE**

13. Paragraph's 1-12above are hereby incorporated by reference.

14. By filing a charge and amended charge with the Equal Employment Opportunity Commission in 2006, Plaintiff Barnabas timely satisfied the requirements under the ADEA for filing a suit. This case is filed less than 90 days after the receipt by Plaintiff Barnabas of a right to sue letter from the Commission dated September 6, 2007.

15. The University has discriminated and continues to discriminate against Barnabas in making selections for appointment to regular full time professor because of her age, in violation of Section 4(a) of the ADEA, 29 U.S.C. §623(a), and has done so willfully, purposefully and intentionally.

16. The University's policy and practice in defining and in filling regular full time professor vacancies in its Department of Biological and Environmental Sciences is based upon age, and is not based upon a bona fide occupational qualification reasonably necessary to the normal operation of the University's functions and mission, within the meaning of Section 4(f)(1) of the ADEA.

17. The University's policy and practice in defining and in filling regular full time professor vacancies in its Department of Biological and Environmental Sciences is based upon age, and is not based upon reasonable factors other than age within the meaning of Section 623(f)(1) of the ADEA.

**COUNT TWO**

18. Paragraphs 1-17 are hereby incorporated by reference.

19. The University has discriminated against Barnabas and continues to discriminate against Barnabas by reducing her course assignments and compensation as an adjunct professor, and by continuing to fail and refuse to reinstate her to a regular full time Professorial position because she opposed unlawful practices under the ADEA, and because she made a charge against the University of violation of the ADEA at the Equal Employment Opportunity Commission, in violation of Section 623(d) of the ADEA, and has done so willfully, intentionally and purposefully.

**RELIEF SOUGHT**

Based upon all the above facts and reasons, Plaintiff Barnabas prays that judgment be entered for and on her behalf:

1) declaring that the University has violated her rights to reinstatement to a regular full time Professorial position;

2) declaring that the University has violated her rights to be free of discrimination because she opposed its practices which

are unlawful under the ADEA and because she filed charges over such practices at the Equal Employment Opportunity Commission;

3) order the University to reinstate Barnabas to a regular full time Professorial position promptly, effective on the date she should have been promoted, along with payment of lost income and other benefits;

4) alternatively, order the University to restore Barnabas to her accustomed adjunct professor course load, along with payment of lost income;

5) award Barnabas liquidated damages in an amount to be proved at trial;

6) award Barnabas compensatory damages in an amount to be proved at trial;

7) award Barnabas reasonable attorneys' fees and expenses;

8) award prejudgment interest on monetary sums involved; and

9) grant such other relief as is appropriate and just.

**JURY DEMAND**

Plaintiff Barnabas demands trial by jury.

Respectfully submitted
this 7th Day of December, 2007

```
                          _____
                          David R. Levinson (DC Bar #425176)
                              1320 19th Street, NW
                              Suite 601
                              Washington, D.C.  20036
                              Tel. 202   223-34343

                              Attorney for Plaintiff
                              Essica Barnabas
```

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

ESSICA BARNABAS
9604 Contrell Terrace
Silver Spring, MD  20903

85888

## DEFENDANTS

UNIVERSITY OF THE DISTRICT OF COLUMBIA
4200 Connecticut Avenue, NW
Washington, D.C.  20008

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Montgomery, MD
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)   DC
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

David R. Levinson
Levinson Law Office
1320 19th Street, NW, Suite 601
Washington, DC  20036

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-02207
Assigned To : Bates, John D.
Assign. Date : 12/7/2007
Description: Employ. Discrim.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⦿ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|   | PTF | DFT |   | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. *Antitrust*
- ☐ 410 Antitrust

### ○ B. *Personal Injury/Malpractice*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. *Administrative Agency Review*
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. *General Civil (Other)*    OR    ○ F. *Pro Se General Civil*

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(1)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Age Discrimination in Employment Act, 29 USC Sec. 621, Failure to hire/promote and retaliation for filing EEOC charge

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ backpay & Liquidated damages   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 12-7-07   SIGNATURE OF ATTORNEY OF RECORD _____

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.