UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESSICA BARNABAS,             )<br>                              )<br>        Plaintiff,           )<br>                              )<br>    v.                        )<br>                              )<br> UNIVERSITY OF THE            )<br> DISTRICT OF COLUMBIA         )<br>                              )<br>        and                   )<br>                              )<br> DISTRICT OF COLUMBIA         )<br>                              )<br>        Defendants.           )<br>_____) | Civil No. 07 cv 02207 (JDB) |

**DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Defendant University of the District of Columbia,[1] by and through counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully moves this Court to dismiss the plaintiff's First Amended Complaint because the University of the District of Columbia is *non sui juris*.

The grounds for this motion are set forth in the accompanying Memorandum of Points and Authorities, which is attached hereto and incorporated by reference.

                                                  Respectfully submitted,

                                                  PETER J. NICKLES
                                                  Interim Attorney General for the District of Columbia

                                                  GEORGE C. VALENTINE
                                                  Deputy Attorney General
                                                  Civil Litigation Division

---

[1] The District of Columbia has not been properly served with plaintiff's summons and complaint in accordance with Fed. R. Civ. P. 4.

   /s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation Section IV


   /s/ C. Vaughn Adams
C. VAUGHN ADAMS [449770]
Assistant Attorney General
441 4th Street, N.W., 6S-066
Washington, D.C. 20001
(202) 724-6519; (202) 727-6295
(202) 727-3625 (fax)
corliss.adams@dc.gov


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Dismiss was served by electronic means on March 19, 2008, to:

David R. Levinson, Esquire
1329 19th Street, N.W.,
 Suite 601
Washington, DC 20036


   /s/ C. Vaughn Adams
C. VAUGHN ADAMS

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ESSICA BARNABAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 07 cv 02207 (JDB) |
| v. ) | |
| ) | |
| UNIVERSITY OF THE ) | |
| DISTRICT OF COLUMBIA ) | |
| ) | |
| and ) | |
| ) | |
| DISTRICT OF COLUMBIA ) | |
| ) | |
| Defendants ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
**OF DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED**
**COMPLAINT**

Plaintiff filed this lawsuit against the University of the District of Columbia alleging that she was wrongfully discriminated against and denied employment as a full time professor in violation of the Age Discrimination in Employment Act and was retaliated against for complaining to the EEOC. Plaintiff subsequently amended her Complaint to include the District of Columbia as a party defendant. According to the complaint, Plaintiff is 72 years of age and has been employed on and off with UDC since 1974. See Complaint, generally. Plaintiff has amended her Complaint to add the District of Columbia as a party defendant. No other amendments have been made therein. For the same reason as is set forth in this defendant's original Motion to Dismiss, plaintiff cannot maintain this cause of action against this defendant.

**Argument**

A. **Standard for Dismissal Pursuant to Rule 12(b)(6)**

The determination of whether a dismissal is proper must be made on the face of the pleadings alone. *See Telecommunications of Key West, Inc. v. United States,* 757 F.2d 1330, 1335 (D.C. Cir. 1985). A plaintiff is required to plead enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

In order to survive a motion to dismiss, a plaintiff's complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.,* 127 S.Ct. at 1964-65. "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966. *See Conley v. Gibson*, 355 U.S. 41, 45 (1957).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications* Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 276 (1994).

Because the plaintiff has failed to state a claim upon which relief may be granted, his complaint should be dismissed in its entirety.

B. **The University of the District of Columbia is entitled to Dismissal As a Matter of Law.**

As an agency within the District of Columbia Government, the University of the District of Columbia is *non sui juris* and cannot be a party to this lawsuit. The law is clear that "agencies and departments within the District of Columbia government are not suable as separate entities." *See Does I through III v. District of Columbia,* 238 F. Supp. 2d 212, 222 (D.D.C. 2002) (quoting *Gales v. District of Columbia*, 47 F. Supp. 2d 43, 48 (D.D.C. 1999) (in turn citing *Fields v. District of Columbia Dep't of Corr.,* 789 F. Supp. 2d 20, 22 (D.D.C. 1992)); *see also Arnold v. Moore,* F. Supp. 28, 33 (D.D.C. 1997) ("governmental agencies of the District of Columbia are not suable entities") (citing *Robertson v. District of Columbia Bd. of Higher Educ.,* 359 A.2d 28, 31, n.4 (D.C. 1976); *Miller v. Spencer*, 330 A.2d 250, 251, n.1 (D.C. 1974). The statutory powers and duties set forth in D.C. Code § 38-1202(a) (2003), *et seq.*, describe the powers and responsibilities of the Board of Trustees of the University of the District of Columbia and contain no provision for the independent agency known as "University of the District of Columbia" to be sued in its own name. Accordingly, the University of the District of Columbia is not a proper party to this action.

For the foregoing reasons, defendant University of the District of Columbia respectfully requests that this Court dismiss plaintiff's First Amended Complaint against it with prejudice.

                                          Respectfully submitted,

                                          PETER J. NICKLES
                                          Interim Attorney General of the District of Columbia

                                          GEORGE C. VALENTINE
                                          Deputy Attorney General
                                          Civil Litigation Division

   /s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation Section IV


 /s/ C. Vaughn Adams
C. VAUGHN ADAMS [449770]
Assistant Attorney General
441 4th Street, N.W., 6S-066
Washington, D.C. 20001
(202) 724-6519; (202) 727-6295
(202) 727-3625 (fax)
corliss.adams@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESSICA BARNABAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 07 cv 02207 (JDB) |
| v. ) | |
| ) | |
| UNIVERSITY OF THE ) | |
| DISTRICT OF COLUMBIA ) | |
| ) | |
| and ) | |
| ) | |
| DISTRICT OF COLUMBIA ) | |
| ) | |
| Defendants ) | |

## **ORDER**

Upon consideration of defendant University of the District of Columbia's Motion to Dismiss Plaintiff's First Amended Complaint, plaintiff's opposition thereto and the record herein, it is this ___ day of _____, 2008, hereby,

ORDERED: that the defendant's motion is hereby granted for the reasons set forth therein; and it is,

FURTHER ORDERED: that the University of the District of Columbia is hereby dismissed with prejudice.

_____
Judge