```
                UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLUMBIA

                                                )
                                                ) JURY TRIAL
    ESSICA BARNABAS                             )
                                                )
              Plaintiff                         )
                                                )Civ.No.07 cv
                   v.                           )    02207
    THE BOARD OF TRUSTEES OF THE                )    (JDB)
    UNIVERSITY OF THE DISTRICT OF COLUMBIA      )
                                                )
              Defendant                         )
    --------------------------------------------
```

### SECOND AMENDED COMPLAINT FOR RELIEF FROM AGE DISCRIMINATON IN EMPLOYMENT AND RETALIATION FOR OPPOSING SAME

1. This action seeks relief from the refusal of Defendant Board of Trustees of the University of the District of Columbia (the University) to hire plaintiff Essica Barnabas for regular full time employment as a Professor at such University in July 2006, and from the actions of Defendant in reducing the hours and compensation of plaintiff Barnabas as an Adjunct Professor in retaliation for complaining at the Equal Employment Opportunity Commission regarding its continuing refusal to hire her as a regular full time professor, all in violation of the Age Discrimination in Employment Act (ADEA, 29 U.S.C. §621 et seq.  Plaintiff Barnabas seeks the entry of injunctive relief to prevent the University from engaging in such unlawful age discrimination in the future, and to correct insofar as possible, for the harm caused to her; and she seeks compensation for loss of earnings and other monetary relief

1

including liquidated damages for the harm caused to her by these unlawful practices.

2. This Court has jurisdiction over this ADEA claim under 29 U.S.C. §626 c. Venue lies in this Court because all of the actions complained of occurred in the District of Columbia.

3. Plaintiff Essica Barnabas was born on October 10, 1935, and is now 72 years old. She possesses a Doctor of Philosophy degree in Zoology, awarded June 1970 by Howard University. She served as an Assistant Professor and as an Associate Professor on a regular full-time basis for the University of the District of Columbia from 1974 until a mass reduction in force in 1997. Since 1997 Barnabas has been employed by the University as an adjunct professor on a semester-to-semester basis. As an adjunct professor she has carried a full-time teaching course load, but has received substantially lower compensation than regular full time faculty and has received no benefits. During her service as a regular full time professor and as an adjunct professor she has been in the University's Department of Biological and Environmental Sciences, and its predecessor departments, and has taught a wide variety of subjects in this Department and its predecessor departments. Barnabas is an employee within the meaning of ADEA Section 631(f) and is an individual at least 40 years of age within the meaning of ADEA Section 631(a).

4.   Defendant University is an urban land grant university with open admissions for residents of the District of Columbia.  Its primary mission is to provide post-secondary instruction to District of Columbia residents at the certificate, associates, baccalaureate and graduate levels.  The University's School of Engineering and Applied Sciences includes a Department of Biological and Environmental Sciences.  The University is an employer within the meaning of ADEA Section 631(b).

5. Following Barnabas' 1997 removal in a mass reduction in force, Barnabas has repeatedly requested and applied to the University's Department of Biological and Environmental Sciences to reinstate her to a regular full time Professorial position.

6.   Despite such requests and corresponding applications for vacancies, the University has failed and refused to reinstate Barnabas to a regular full time Professorial position, and has repeatedly filled vacancies with younger applicants with lesser teaching experience.

7.   The most recent example of such action by the University occurred in July 2006. Barnabas applied for a posted professorial vacancy in the Department of Biological and Environmental Science in or about February 2006.  Barnabas was not given any interview by the University pursuant to such application, and received no follow up inquiries regarding her qualifications and experience.  In or

about July 2006 the position was awarded to a younger applicant with lesser teaching experience.

8. The selected younger applicant was subsequently scheduled for less than full time instructional duties, while receiving full time pay and benefits.

9. Barnabas filed charges with the Equal Employment Opportunity Commission on or about January 27, 2006 regarding the University's continuing failure and refusal to hire her as a regular full time faculty member.

10. In or about September 2006 the University reduced Barnabas' course load as an adjunct professor by half, which also reduced her already small compensation by half.

11. Barnabas filed amended charges with the Equal Opportunity Commission on or about November 3, 2006 over the University's failure and refusal to hire her as a regular full time professor in July 2006 and over the University's reduction in her course assignments and compensation in September 2006.

12. In or about January, 2007, the University failed and refused to schedule Barnabas to teach any courses for the Spring Semester as an adjunct professor. In or about June 2007 the University failed and refused to schedule Barnabas to teach any courses for

the Summer Session as an adjunct professor.

**COUNT ONE**

13. Paragraph's 1-12above are hereby incorporated by reference.

14. By filing a charge and amended charge with the Equal Employment Opportunity Commission in 2006, Plaintiff Barnabas timely satisfied the requirements under the ADEA for filing a suit. This case is filed less than 90 days after the receipt by Plaintiff Barnabas of a right to sue letter from the Commission dated September 6, 2007.

15. The University has discriminated and continues to discriminate against Barnabas in making selections for appointment to regular full time professor because of her age, in violation of Section 4(a) of the ADEA, 29 U.S.C. §623(a), and has done so willfully, purposefully and intentionally.

16. The University's policy and practice in defining and in filling regular full time professor vacancies in its Department of Biological and Environmental Sciences is based upon age, and is not based upon a bona fide occupational qualification reasonably necessary to the normal operation of the University's functions and mission, within the meaning of Section 4(f)(1) of the ADEA.

17. The University's policy and practice in defining and in filling regular full time professor vacancies in its Department of Biological and Environmental Sciences is based upon age, and is not based upon reasonable factors other than age within the meaning of Section 623(f)(1) of the ADEA.

## COUNT TWO

18. Paragraphs 1-17 are hereby incorporated by reference.

19. The University has discriminated against Barnabas and continues to discriminate against Barnabas by reducing her course assignments and compensation as an adjunct professor, and by continuing to fail and refuse to reinstate her to a regular full time Professorial position because she opposed unlawful practices under the ADEA, and because she made a charge against the University of violation of the ADEA at the Equal Employment Opportunity Commission, in violation of Section 623(d) of the ADEA, and has done so willfully, intentionally and purposefully.

## RELIEF SOUGHT

Based upon all the above facts and reasons, Plaintiff Barnabas prays that judgment be entered for and on her behalf:

    1) declaring that the University has violated her rights to reinstatement to a regular full time Professorial position;

    2) declaring that the University has violated her rights to be free of discrimination because she opposed its practices which

are unlawful under the ADEA and because she filed charges over such practices at the Equal Employment Opportunity Commission;

3) order the University to reinstate Barnabas to a regular full time Professorial position promptly, effective on the date she should have been promoted, along with payment of lost income and other benefits;

4) alternatively, order the University to restore Barnabas to her accustomed adjunct professor course load, along with payment of lost income;

5) award Barnabas liquidated damages in an amount to be proved at trial;

6) award Barnabas compensatory damages in an amount to be proved at trial;

7) award Barnabas reasonable attorneys' fees and expenses;

8) award prejudgment interest on monetary sums involved; and

9) grant such other relief as is appropriate and just.


## JURY DEMAND

Plaintiff Barnabas demands trial by jury.


Respectfully submitted
this 28th Day of April, 2008

```
                         _____
                         David R. Levinson (DC Bar #425176)
                            1320 19th Street, NW
                            Suite 601
                            Washington, D.C.  20036
```

```
                              Tel. 202   223-34343
                              Levlaw@gmail.com

                              Attorney for Plaintiff
                              Essica Barnabas
```

**CERTIFICATE OF SERVICE**

    I hereby certify that I have this day served a copy of the foregoing by U.S. Mail, first class pre-paid, upon:

```
    Peter J.Nickles
    George Valentine
    Patricia Jones, Chief, General Litigation Section IV
    C. Vaughn Adams, Asst. Atty General
```